UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Akebia Therapeutics, Inc. | Case No. 14-mc-80294-JD<br><br>**ORDER DENYING FIBROGEN'S MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 50 |

The Court has reviewed FibroGen's discovery dispute letter and Akebia's opposition. Dkt. Nos. 50, 52. FibroGen requests that the Court impose a "stay of all production, review, and testimony in response to the Akebia subpoenas pending FibroGen's Ninth Circuit appeal of this Court's ruling that discovery under 28 U.S.C. § 1782 be permitted." Dkt. No. 50 at 1. The stay is denied.

The primary basis FibroGen invokes for its request for a stay is the "excessive burden imposed by the response to the document and testimony subpoenas from Akebia." *Id*. But the Court finds FibroGen's statements exaggerated and overblown. For example, FibroGen, for the sake of scoring a point in this litigation match, paints a picture of what its burden would be assuming it were to take a scorched-earth, picture-perfect approach. *See id*. at 2 ("Reviewing all notebooks to ensure nothing is overlooked will require 7,471 person hours."). But this actually undercuts FibroGen's position, because it only serves to illustrate that FibroGen misunderstands (or is misrepresenting) what the Court has ordered it to do.

Under the Court's prior orders, FibroGen need only produce materials sufficient to give Akebia the information that it seeks. The Court further ordered FibroGen to do so on a rolling basis, with the expectation -- and now, express instruction -- that the experienced and sophisticated

counsel on both sides in this matter will be in constant communication to continue to refine the process once the production is underway.

So while FibroGen continues to object to the discovery burdens it sees with its edge-of-the-universe glasses on, the scope of discovery FibroGen imagines is simply not what the Court ordered.  Moreover, FibroGen's low-end estimate of $740,000, too, is overblown, as it is based on an unsupported, and unsupportable, $400-per-hour estimate for "an appropriately skilled reviewer."  That is the kind of rate that is usually reserved for partners in the vast majority of law firms in this country.

The Court consequently concludes that FibroGen's motion is based on exaggerated facts and a straw man argument, and denies it.  As Akebia points out, there appears to be a pattern of delay that is emerging on FibroGen's side, and the Court is beginning to have serious concerns that FibroGen may be stalling for the sake of stalling.  It appears Akebia has already lost at least one opportunity to present the information it seeks -- and which the Court has ordered FibroGen to turn over to Akebia -- to the foreign tribunals, *i.e.*, the EPO and JPO.  <u>FibroGen is therefore ordered to begin its production in a meaningful way by no later than Monday, March 16, 2015</u>.

FibroGen's alternative requests for an interim stay as well as for cost-shifting are also denied for lack of good cause.  Akebia states that it has proposed that FibroGen can "(1) produce documents it already identified as those most likely to contain responsive information and (2) make the 510 notebooks available for Akebia's inspection, whereupon it will be Akebia's burden to review the notebooks for relevant information."  Dkt. No. 52 at 2.  This would seem like a good place to start.  The Court further reminds both parties that the Court expects utmost adherence to the strong protective order that has now been entered in this matter, pursuant to the parties' stipulation.

**IT IS SO ORDERED.**

Dated: March 9, 2015

_____
James Donato
United States District Judge